Andres v. Gold, No. S0986-03 CnC  (Katz, J., Oct. 29, 2003)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                    SUPERIOR COURT
Chittenden County, ss.:             Docket No. S0986-03 CnC

ANDRES

v.

GOLD

ENTRY

Petitioner, Robert Andres, was returned to prison after he was caught violating the terms of his furlough by drinking alcohol.  Andres challenges the hearing revoking his furlough on due process grounds.  Based on the evidence apparent in the record and two hearings concerning Andres's admitted alcohol use while on furlough, we deny the challenge.

Andres's due process must be analyzed within the context of a prison environment which necessarily limits many privileges.  Conway v. Cumming, 161 Vt. 113, 115 (1993).  His furloughed status is characterized

as more of a particular right or status within an institution rather than as a parolee. Id. at 116. As such, its revocation is only due a minimal amount of due process if any at all. Id. at 118 (finding no direct Constitutional or statutory liberty interest in the revocation of furlough). The amount of process Andres received, however, is not an issue since the Department of Corrections did hold a hearing prior to revoking Andres's furlough and did not revoke the furlough in an arbitrary manner. Since strict proscription of alcohol use is one of the major terms of his furlough, Andres's only challenge can be to the factual support for the Department's findings. See Conway, 161 at 116 (upholding the revocation of a furlough based on a violation of a term of the furlough); Parker v. Gorczyk, 170 Vt. 263, 269–70 (1999) (noting that the Commissioner has the statutory power to promulgate the standards for furlough).

While the proper promulgation of Department "directives" is very murky, strict proscription of alcohol by inmates or furloughees must be within the authority of the Department even without a particular, properly promulgated regulation. It is our purpose then only to review the record from that hearing for "some evidence" of a violation of the terms. LaFaso v. Patrissi, 161 Vt. 46, 51 (1993) (discussing the "some evidence" rule established in Superintendent v. Hill, 472 U.S. 445 (1985)). In Andres's case, there are several sources to support the finding of alcohol use. During the hearing Andres admitted using alcohol while on furlough. Evidence from Corrections Officers supported this. They reported that Andres was seen in a bar drinking, that he denied being Robert Andres, and that he fled from the bar. Although Officer Decatur could not initially identify Andres, he very clearly reported that Andres was, in retrospect, the person he encountered in the bar. Later, he was picked up at home by officers who found alcohol on his breath. All three sources provide some evidence for

the finding that Andres was using alcohol.  That finding in turn supports the conclusion of the Department to revoke Andres's furlough.

On that basis, Andres's petition to challenge his revocation of furlough is denied.

Dated at Burlington, Vermont_____, 2003.


_____
Judge